UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
CASE NO.  2:10-CV-420-FtM-36-DNF

JOYCE CHRISTIE, Individually and on
Behalf of the Estate and Next of Kin of
Nicholas T. Christie, Dec'd.,

    Plaintiff

vs.

LEE COUNTY SHERIFF'S OFFICE,
MICHAEL J. SCOTT, in his official capacity
as Sheriff of Lee County, Florida, PRISON
HEALTH SERVICES, INC., a Tennessee
corporation, DEPUTY DANIEL FALZONE,
DEPUTY MONSHAY GIBBS, DEPUTY
KURTIS CALHOUN, DEPUTY FRANK J.
HANSEN, DEPUTY DATHAN S. PYLE,
DEPUTY JEREMY HARDIN, DEPUTY
TIMOTHY H. ELDRIDGE, DEPUTY
ANDRE DIMARCO, SERGEANT
ARMANDO CROKER, SERGEANT MARY
DAROSS, LIEUTENANT MICHAEL PEAK,
MARIA CANETE, R.N., LINDA SUNDO,
L.P.N., NATALIA SAUNDERS, R.N., JOAN
WINNIE, R.N., GERALDINE JONES, R.N.,
JANICE STEPNOSKI, L.C.S.W., KAREN
OVERBEE, CHRISTINE ATEN, TAMMY
HAMILTON, R.N., KATHRYN T. HOLLIER,
C.N.A,

    Defendants.


**DEFENDANTS PRISON HEALTH SERVICES, INC., MARIA CANETE, R.N.,
LINDA SUNDO, L.P.N., NATALIA SAUNDERS, R.N., JOAN WINNIE, R.N.,
GERALDINE JONES, R.N., JANICE STEPNOSKI, L.C.S.W.,
KAREN OVERBEE, CHRISTINE ATEN AND TAMMY HAMILTON'S MOTION TO
<u>DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT</u>**

Defendants Prison Health Services, Inc. ("PHS"), Maria Canete, R.N. ("Canete"), Linda

Sundo, L.P.N. ("Sundo"), Natalia Saunders, R.N., ("Saunders"), Joan Winnie, R.N. ("Winnie"),

Geraldine Jones ("Jones"), Janice Stepnoski, L.C.S.W. ("Stepnoski"), Karen Overbee ("Overbee"), Christine Aten ("Aten") and Tammy Hamilton ("Hamilton")(collectively, "Medical Defendants"), pursuant to Federal Rule of Civil Procedure 12, and Rule 3.01, Local Rules of the United States District Court for the Middle District of Florida, file this Motion to Dismiss as follows:

## MOTION

1. The Plaintiff brought suit in this District, claiming the Medical Defendants violated her decedent's civil rights and were negligent in providing medical care while the decedent was detained in the Lee County Jail.

2. The Plaintiff may not assert individual capacity claims, and some of the federal claims are redundant or improper.

3. Therefore, these claims should be dismissed.

## MEMORANDUM OF LAW

### I. Background

According to the Third Amended Complaint ("Complaint"), Nicholas Christie ("Christie") was detained in the jail on March 25 and 26, 2009, and again on March 27-29, 2009 (Complaint ¶34). The Complaint alleges that, during the second detention, law enforcement officials used pepper spray on Christie, the Medical Defendants provided inadequate medical care following the use of pepper spray, and Christie eventually died at a local hospital (Complaint ¶¶ 44, 52-71).

The Plaintiff brings claims in both her capacity as personal representative and individually. Those claims are on both federal civil rights, based on the Fourth, Eighth and Fourteenth Amendments, and state-law negligence.

## II. Argument

### A. The Plaintiff cannot maintain individual capacity claims.

Under Florida law, a wrongful death "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." § 768.20, Fla. Stat. (2009); § 768.19, Fla. Stat. (2009) (defining a wrongful death case as one where death is the result of a wrongful act, including negligence). "This action covers all damages of the decedent's survivors and the estate. . . ." *Thompson v. Hodson,* 825 So. 2d 941, 949 (Fla. 1st DCA 2002); *see Saia Motor Freight Line, Inc. v. Reid*, 888 So. 2d 102, 103 (Fla. 3d DCA 2004)(stating that only personal representatives have the authority to settle a wrongful death action); *Thompson v. Hodson*, 825 So.2d 941, 949 (Fla. 1st DCA 2002)(explaining that, by statute, a wrongful death claim is brought by only one plaintiff: the personal representative of the estate of the deceased).

The various federal civil rights acts provide remedies for constitutional or statutory violations. However, these statutes do not provide specific guidance regarding the availability of damages for alleged constitutional violations. Because of this, federal courts apply state wrongful death statutes in determining the appropriate parties and measure of damages in cases including claims that a constitutional violation caused death. *See Robertson v. Wegmann*, 436 U.S. 584, 587 90 (1978); *Brazier v. Cherry*, 293 F.2d 401, 407 (5th Cir.1961); *Heath v. City of Hialeah*, 560 F.Supp. 840, 841 (S.D.Fla.1983).

There is no question that the Plaintiff claims the Medical Defendants' wrongful acts caused Christie's death. Florida and federal law require that such claims be brought only by the personal representative, in this case, the Plaintiff, for all survivors. An individual capacity claim is inappropriate.

Additionally, an individual capacity claim cannot be brought on a constitutional theory unless the individual has standing to sue. The Supreme Court has held that the "irreducible minimum" of constitutional standing consists of three elements: an injury in fact which is "actual, concrete, and particularized"; a causal connection between that injury and defendant's conduct; and a likelihood that the injury can be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 61 (1992).

The Complaint states no basis upon which a constitutional claim arises for the Plaintiff in her individual capacity. She obviously was not in the jail or under the care of the Medical Defendants, and not a single allegation provides insight into the constitutional basis for the Plaintiff to bring a constitutional claim. Therefore, the Plaintiff cannot maintain any individual capacity claims.

### B. Neither the Fourth nor Eighth Amendments apply.

Because Christie was unquestionably a pretrial detainee at the time of the incidents alleged in the Complaint, the relevant constitutional guarantee is not the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted prisoners, but the Due Process Clause of the Fourteenth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 671 n. 40, (1977); *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir.2008); *Burnette v. Taylor*, 533 F.3d 1325, 1330 n. 4 (11th Cir.2008); *Cottone v. Jenne*, 326 F.3d 1352, 1356 n. 4 (11th Cir.2003). therefore, the Plaintiff's invocation of the Eighth Amendment is incorrect.

The Fourth Amendment is also inapplicable as to the Medical Defendants. That Amendment protects against illegal searches and seizures, and may be grounds for an excessive force claim in some instances. However, this is not the proper case for that type of claim, and there are no allegations any of the Medical Defendants used any force on Christie.

### C. The claims against the Medical Defendants are redundant or incompletely pled.

In Counts I through V, claims are asserted against the Medical Defendants for constitutional violations; Counts VI, VII and XI assert state-law negligence claims; Count VIII is an assault claim against PHS.

Counts I and II are redundant. Count I alleges the individual Medical Defendants failed to provide medical care to Christie, but the claim is in excessive force and is primarily aimed at the Co-defendants. Nothing in the Complaint alleges that the individual Medical Defendants used excessive force, or that they had a legal duty under the Constitution to keep others from using excessive force. Instead, this Count alleges the individual Medical Defendants failed to provide constitutionally adequate care following the alleged excessive force by law enforcement personnel, but that claim is brought in Count II. Therefore, Count I, insofar as it contains allegations against the Medical Defendants, should be dismissed.

Count VI alleges the individual Medical Defendants were negligent in their care and treatment of Christie; Count VII is a standard medical malpractice claim against the Medical Defendants; and Count XI claims negligent hiring and supervision against PHS.

Both Counts VI and XI are redundant of the medical malpractice claim brought in Count VII, as all the allegations are for medical negligence. In Florida, the Medical Malpractice Act determines whether a claim is one for medical malpractice, as opposed to ordinary negligence. Section 766.106(1)(a), Florida Statutes (2009) defines a "[claim] for medical malpractice" as a "claim arising out of the rendering of or the failure to render, medical care or services." *See J.B. v. Sacred Heart Hosp. of Pensacola*, 635 So.2d 945, 949 (Fla. 1994). Sections 766.201-766.212, Florida Statutes (2008) concern pre-suit investigation and arbitration of "medical negligence claims." Section 766.202(6), Florida Statutes (2008) defines "medical negligence" as "medical

5

malpractice, whether grounded in tort or in contract." The Act applies to incarcerated plaintiffs. *See O'Hanrahan v. Moore*, 731 So.2d 95 (Fla. 4th DCA 1999); *Okaloosa County v. Custer*, 697 So.2d 1297 (Fla. 1st DCA 1997).

The initial question presented here, is whether Florida's Medical Negligence Act applies to cases in federal court, has been answered in the affirmative. *See McMahan v. Toto,* 256 F.3d 1120 (11th Cir.2001;*Woods v. Holy Cross Hosp.*, 591 F.2d 1164 (5th Cir. 1979) (applying the *Erie* doctrine to hold that the Florida Medical Malpractice Act applies in federal court);[1] *Clark v. Sarasota County Public Hosp. Bd.*, 65 F.Supp.2d 1308, 1314 (M.D. Fla. 1998).

The Medical Defendants are "health care providers" as defined in the Act, and the Plaintiff specifically identifies them as such in the Complaint. The Plaintiff claims her decedent was provided inadequate medical care, so the issue is framed by whether the claim involves "medical care or services" as defined by Florida law. "The question in determining if a claim is a medical malpractice claim is whether the plaintiff must rely upon the medical negligence standard of care, as set forth in section 766.102(1). . . ." *Tenet S. Fla. Health Sys. v. Jackson*, 991 So. 2d 396, 399 (Fla. 3d DCA 2008). Section 766.102 provides, in pertinent part:

(1) In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in s. 766.202(4), the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider.

These are medical malpractice claims. The Medical Defendants are medical providers. According to Florida law, "[a]ll of these allegations can be proven only through evidence that the alleged negligent action or inaction of a health care provider, *i.e*., the nurse or other medical care

---

[1] The Eleventh Circuit in an *en banc* decision, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6

providers, fell below the prevailing standard of care in the community for that health care provider resulting in injury." *Tenet S. Fla. Health Sys.*, 991 So. 2d at 399

This is not a case "[w]here the nub of the plaintiff's claim is a theory of negligence apart from medical malpractice." *See, e.g., O'Shea v. Phillips*, 746 So. 2d 1105, 1108 (Fla. 4th DCA 1999) (regarding claims of sexual battery by a neurologist), *receded from on other grounds*, *Burke v. Snyder*, 899 So. 2d 336 (Fla. 4th DCA 2005); *Tenet St. Mary's Inc. v. Serratore*, 869 So. 2d 729 (Fla. 4th DCA 2004) (regarding claims that a hospital employee kicked a patient constituted a claim of simple negligence against the hospital). *See also Puentes v. Tenet Hialeah Healthsystem*, 843 So. 2d 356 (Fla. 3d DCA 2003) (holding that a patient's negligence claim against a hospital, arising out of a hospital dietician's failure to provide patient with hypoallergenic diet as ordered by physician, was a medical malpractice action requiring compliance with statutory presuit notice requirements).

Given all this, the negligence claims against the Medical Defendants in Counts VI and XI are redundant of the medical malpractice claim asserted in Count VII. The Medical Defendants only function in the jail was to provide medical care and services, and they owed Christie no other legal duty. Therefore, the only claims that can be asserted in this case are in medical malpractice, and Counts VI and XI should be dismissed.

Count VIII alleges assault and battery against PHS, the Sheriff, and Sheriff's employees, and claims these Defendants threatened the Plaintiff's decedent. However, there are no factual allegations in the Complaint to support this claim. Nothing in the Complaint shows that PHS, a corporation, or its employees threatened harm to the Plaintiff's decedent or in any manner battered the Plaintiff's decedent. In fact, none of the acts listed in Paragraph 129 are attributable to PHS. Therefore, this claim should be dismissed.

**III.     Conclusion**

For the foregoing reasons, Plaintiff's Third Amended Complaint should be dismissed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of February, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send the foregoing to the following: Virginia M. Buchanan, Esq., Levin Papantonio Thomas Mitchell Echsner Rafferty & Proctor, P.A., 316 South Baylen Street, Suite 600, Pensacola, FL 32502; Nicholas DiCello, Esq. Spangenberg, Shibley & Liber, LLP, 1001 Lakeside Avenue East, Suite 1700, Cleveland, OH  44114; and to Summer Barranco, Esq., Purdy, Jolly, Giufredda & Barranco, P.A., 2455 East Sunrise Blvd., #1216, Fort Lauderdale, FL  33304.

> BUNNELL & WOULFE P.A.
> 1625 Hendry Street, Suite 203
> Fort Myers, FL  33901
> Phone: 239.337-1630
> Fax:  239.337-0307
> gat@bunnellwoulfe.com
>
> By:  s/Gregg A. Toomey
>        Gregg A. Toomey
>        Florida Bar No. 15968