# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

JOYCE CHRISTIE, Individually and on
Behalf of the Estate and Next of Kin of
Nicholas T. Christie, Dec'd.,

      Plaintiff,

v.                                                    CASE NO. 2:10-CV-420-FtM-36DNF

LEE COUNTY SHERIFF'S OFFICE,
MICHAEL J. SCOTT, in his official capacity
as Sheriff of Lee County, Florida, PRISON
HEALTH SERVICES, INC., a Tennessee
corporation, DEPUTY DANIEL FALZONE,
DEPUTY MONSHAY GIBBS, DEPUTY
KURTIS CALHOUN, DEPUTY FRANK J.
HANSEN, DEPUTY DATHAN S. PYLE,
DEPUTY JEREMY HARDIN, DEPUTY
TIMOTHY H. ELDRIDGE, DEPUTY
ANDRE DIMARCO, SERGEANT
ARMANDO CROKER, SERGEANT MARY
DAROSS, LIEUTENANT MICHAEL PEAK,
MARIA CANETE, R.N., LINDA SUNDO,
L.P.N., NATALIA SAUNDERS, R.N., JOAN
WINNIE, R.N., GERALDINE JONES, R.N.,
JANICE STEPNOSKI, L.C.S.W., KAREN
OVERBEE, CHRISTINE ATEN, TAMMY
HAMILTON, R.N., KATHRYN T. HOLLER,
C.N.A.,

      Defendants.
_____/

## ORDER

      This cause comes before the Court on several motions to dismiss Plaintiff Joyce Christie's

Third Amended Complaint ("Complaint") (Doc. 65).  In this Order, the Court addresses the Motion

to Dismiss of Defendants Prison Health Services ("PHS"), Maria Canete, R.N. ("Canete"), Linda

Sundo, L.P.N. ("Sundo"), Natalia Saunders, R.N. ("Saunders"), Joan Winnie, R.N. ("Winnie"), Geraldine Jones, R.N. ("Jones"), Janice Stepnoski, L.C.S.W. ("Stepnoski"), Karen Overbee ("Overbee"), Christine Aten ("Aten"), Tammy Hamilton, R.N. ("Hamilton"), and Kathryn T. Hollier, C.N.A. ("Hollier")[1], (collectively, the "Medical Defendants") (Doc. 72).  Plaintiff filed a Memorandum in Opposition to the Medical Defendants' Motion to Dismiss  (Doc. 78).  For the reasons that follow, the motion will be granted in part and denied in part.

<u>**BACKGROUND**</u>

This case stems from the death of Plaintiff's husband, Nick Christie ("Decedent"). Plaintiff, in her individual capacity and as personal representative of the estate of Decedent, filed her Complaint (Doc. 65) naming, among others[2], Canete, Sundo, Saunders, Winnie, Jones, Stepnoski, Overbee, Aten, Hamilton, and Hollier as defendants.

Plaintiff alleges that while housed at the Lee County Jail, Decedent was sprayed numerous times, including while confined to a jail cell and while strapped to a chair with a hood over his head, with Oleoresin Capsicum ("pepper spray")(Doc. 65, ¶¶ 56-79).  Moreover, Plaintiff alleges this conduct occurred with knowledge of Decedent's preexisting serious medical and mental health conditions.  *(Id.* at  ¶¶ 36-43).  Plaintiff further alleges that despite this knowledge, the Medical Defendants failed to provide an adequate evaluation after each application of pepper spray and took no steps to intervene or prevent additional applications of pepper spray.  *(Id.* at ¶¶ 56-79).  Plaintiff

---

[1]Defendant Kathryn T. Hollier was not named in the Medical Defendants' Motion to Dismiss. *See* Doc. 72.  However, on February 4, 2011 she filed a Notice of Adoption of the Medical Defendants' Motion to Dismiss.  (Doc. 73).

[2]Plaintiff's Third Amended Complaint also names Sheriff Mike Scott as well as other correctional officers in the Lee County Jail.  These parties have filed separate motions to dismiss the Third Amended Complaint.  *See* Docs. 67, 68, 77.

contends that Decedent's death, which occurred within days of his release from jail, was directly and proximately caused by Defendants' actions and/or inactions.  (*Id.* at ¶ 80).

In the Complaint, Plaintiff alleges numerous claims for relief:  a § 1983 claim against Canete, Sundo, Saunders, and Winnie for excessive force in violation of the 14th Amendment ("Count I"); a § 1983 claim against PHS, Canete, Sundo, Saunders, Winnie, Jones, Stepnoski, Aten, Hamilton, and Hollier for deliberate indifference to serious medical and mental health needs in violation of the 14th Amendment ("Count II"); a § 1983  claim against PHS, Canete, Stepnoski, Overbee, and Jones for failure to supervise, train, and take corrective measures causing constitutional violations ("Count III"); a state law claim against each of the Medical Defendants for negligence ("Count VI") and medical negligence ("Count VII").  Additionally, Plaintiff alleges two § 1983 claim against PHS for custom, policy, or practice causing constitutional violations ("Counts IV and V"), a state law claim for assault and battery ("Count VIII"), and a state law claim for negligent hiring, retention, and supervision ("Count XI").

## **LEGAL STANDARD**

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient.  *Id.* (citing *Bell Atlantic Corp, et al. v. Twombly, et al.*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Mere naked assertions, too, are insufficient.  *Id*.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Id*. (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. at 1950. Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss." *Id*. (citation omitted).

## ANALYSIS

### I.   Individual Capacity Claims

The Medical Defendants assert that Florida and federal law mandate that wrongful death causes of action be brought by a personal representative for all survivors and that an individual capacity claim is inappropriate. *See* Doc. 72, p. 3. The Court agrees. Indeed, Florida's Wrongful Death Act provides in no uncertain terms, that any "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." *Torres v. Orange County, Florida*, 2000 WL 35527256 at *1 (M.D.Fla. May, 16, 2000) (quoting Fla. Stat. § 768.20). No persons, other than personal representatives, have standing under Florida law to maintain a wrongful death action. Similarly, this Court has held that "a section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort" and "only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim . . . ". *Torres*, 2000 WL 35527256 at *1 (quoting *Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000)). Therefore, no separate cause of action exists under § 1983 for emotional distress, loss of a loved one, or any other collateral injuries allegedly suffered personally by the decedent's family members. *Id*.

There is no question that Plaintiff claims the Medical Defendants' wrongful acts caused Decedent's death. Pursuant to Florida and federal law, such claims may only be brought by the

personal representative for all survivors.  Accordingly, the Court finds Plaintiff cannot maintain her individual capacity claims.  As such, all of Plaintiff's individual capacity claims will be dismissed.

## II.     Redundant/Incompletely Pled Claims

The Medical Defendants argue that certain counts as alleged by Plaintiff are redundant or incompletely pled and therefore should be dismissed.  Plaintiff responds that she has sufficiently pleaded claims upon which relief can be granted.

### A.     Counts I and II

To state a claim for excessive force, Plaintiff must show the use of force "shocks the conscience and it necessarily will if the force was applied . . . maliciously and sadistically for the very purpose of causing harm."  *Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008) overruled on other grounds by *Randall v. Scott*, 610 F.3d 701-709-10 (11th Cir. 2010).  Five factors are considered under the "shocks the conscience" test: (1) the need for force; (2) the relationship between that need and the amount of force used; (3) the extent of the resulting injury; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to them; and (5) any efforts made to temper the severity of a forceful response.  *Id. (*citing *Whitney v. Albers*, 475 U.S. 312, 321 (1986)).  On the other hand, to show an official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry.  *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).  First, the plaintiff must satisfy the objective component by showing that he had a serious medical need.  *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).  Second, a plaintiff must show that the official acted with

deliberate indifference to a serious medical need.  *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir.

2005).

The Medical Defendants argue that Count I is duplicative of Count II and should therefore

be dismissed.  (Doc. 72, p. 5).  Plaintiff alleges the use of force that was authorized and/or not

prevented by the Medical Defendants was excessive in part because of Decedent's medical and

mental health conditions.  (Doc. 78, p. 11).  More specifically, Count I of Plaintiff's Complaint

alleges the Medical Defendants "medically cleared" the Decedent after repeated applications of

pepper spray pursuant to inadequate medical assessments.  *See* Doc. 65, ¶¶ 56-82.  The Complaint

does not, however, allege that any of the Medical Defendants actually authorized the force or applied

the force.  Morever, Plaintiff does not cite any authority that the inaction of medical personnel may

constitute excessive force under § 1983.  The conduct of the Medical Defendants as alleged in Count

I of the Complaint does not "shock the conscience."  *Danley*, 540 F.3d at 1307.  Plaintiff's

description of the behavior of the Medical Defendants more properly falls in line with a deliberate

indifference claim.  Though it is possible to state a claim against medical personnel for excessive

force, the Court finds that Plaintiff has failed to do so in this case.  As such, the Court will dismiss

Count I as it pertains to Canete, Sundo, Saunders, and Winnie.

## B.    Counts VI, VII, and XI

Count VI alleges the Medical Defendants were negligent in their care and treatment of

Decedent.  Count VII is a standard medical malpractice claim.  Count XI alleges negligent hiring

and supervision against PHS.  The Medical Defendants claim that Counts VI and XI are redundant

of the medical malpractice claim brought in Count VII, and therefore Counts VI and XI should be

dismissed.  (Doc. 72, p. 5-7).

First, the elements of simple negligence include: (1) duty; (2) breach of duty; (3) a reasonably close causal connection between the conduct and the resulting injury; and (4) actual loss or damage. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So.2d 1182, 1185 (Fla. 2003) (citing *Prosser and Keeton on the Law of Torts* 164-65 (W. Page Keeton ed., 5th ed. 1984)).

Second, in Florida, medical negligence or medical malpractice is "a claim, arising out of the rendering of, or the failure to render, medical care or services." Fla. Stat. § 766.106(1); *see also Tenet South Florida Health Systems v. Jackson*, 991 So.2d 396, 399 (Fla. 3rd DCA 2008). "In any action for recovery of damages based on the death . . . of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider . . . the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. *Id.*

Third, a cause of action for negligent hiring, retention, and supervision is well established in Florida. *Green v. RJ Behar & Co., Inc.*, 2010 WL 1839262 at *3 (S.D.Fla. ) (citing *Mallory v. ÒNeil*, 69 So.2d 313, 515 (Fla. 1954 May 6, 2010)). "Liability attaches when an employer (1) knows or should know about the offending employee's unfitness and (2) fails to take appropriate action." *Id.* quoting *Martinez v. Pavex Corp.*, 422 F.Supp.2d 1284, 1298 (M.D.Fla. 2006).

Under Florida law, a claim for medical negligence or medical malpractice is any claim arising out of the rendering of, or the failure to render, medical care or services. *J.B. v. Sacred Heart Hospital*, 635 So.2d 945, 948-49 (Fla. 1994) (citing Fla. Stat. § 766.106(1)(a)). However, a plaintiff is not barred from asserting an ordinary negligence claim as long as he or she does not rely on the medical negligence standard of care. *Feifer v. Galen. of Florida, Inc.*, 685 So.2d 882, 885 (Fla. 2d

DCA 1996). In certain circumstances, a plaintiff may have a cognizable claim for ordinary negligence in conjunction with his or her medical treatment. *See, e.g.*, *Tenet St. Mary's Inc. v. Serratore*, 869 So.2d 729, 730-31 (Fla. 4th DCA 2004) (Plaintiff's claim for simple negligence arising out of defendant medical center's employee negligently kicking plaintiff's foot was not one for medical negligence because it did not arise out of receiving medical care or require plaintiff to prove that defendant's employee deviated from an accepted standard or medical care); *Lake Shore Hospital, Inc. v. Clarke*, 768 So.2d 1251, 1251-52 (Fla. 1st DCA 2000) (Plaintiff's negligence action for injuries suffered from falling while walking from her hospital bed to the bathroom was not an action for medical negligence because plaintiff did not allege a breach of a professional standard of care).

Plaintiff claims that Count VI is distinguishable from Count VII, because Count VI "contemplates conduct that could, and likely does, fall outside the provision, or failure to provide, medical and/or mental health care . . .". (Doc. 78, p. 13). However, in Plaintiff's Complaint, Count VI alleges the Medical Defendants breached their duty of care and were negligent by:

> (B) Failing and/or refusing to provide Plaintiff's Decedent, Nick Christie, with access to timely adequate medical and mental health assessment, evaluation, care, intervention, referral, and treatment when it was urgently needed and/or to address his obvious and known or knowable serious medical and mental health conditions and needs;
> © Failing and/or refusing to timely provide necessary prescription medication to Plaintiff's Decedent, Nick Christie;

(Doc. 65, p. 48). This conduct certainly constitutes a claim arising out of the rendering of, or the failure to render, medical care or services. As such, the Court finds Count VI is largely duplicative of Count VII. Accordingly, Plaintiff has failed to state a claim for negligence and Count VI will be dismissed.

Additionally, as previously mentioned, Count VII is based upon the care provided by the Medical Defendants to Decedent, whereas Count XI is based on hiring, supervision, and retention of the Medical Defendants.  The Court finds that Plaintiff has alleged sufficient facts to state a claim for each of these counts.  Moreover, these counts are not redundant or duplicative and will not be dismissed as such.

### III.    Assault and Battery

The Medical Defendants argue that there are no factual allegations in the Complaint to support a claim for assault and battery and this Court is inclined to agree.  An assault is "an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril."  *Sullivan v. Atlantic Fed. & Loan Ass'n*, 454 So.2d 52, 54 (Fla. 4th DCA 1984).  On the other hand, an actor is subject to liability to another for the intentional tort of battery if (1) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (2) an offensive contact of the other directly or indirectly results. *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d DCA 1996) (citing Restatement (Second) of Torts § 18).

Plaintiff does not allege that any of the Medical Defendants had affirmative harmful contact with Decedent.  The allegations made by Plaintiff consist of inaction on the part of the Medical Defendants or authorization of acts by the Corrections Defendants.  As such, Plaintiff fails to state a claim for assault and battery against the Medical Defendants and thus PHS may not be held liable. Therefore, Count VIII is dismissed as to PHS.

**IV.     State Law Claims**

The Florida Wrongful Death Act permits a cause of action "[w]hen the death of a person is caused by the wrongful act, negligence, default, or breach of contract or warranty of any person..., and the event would have entitled the person injured to maintain an action and recover damages if death had not ensued."  Fla. Stat. §768.19; *Knowles v. Beverly Enterprises-Fla., Inc.*, 898 So.2d 1, 8-9 (Fla. 2004).  Additionally, "[w]hen a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate." Fla. Stat. §768.20; *see also Martin v. United Sec. Servs., Inc.*, 314 So.2d 765, 770 (Fla. 1975) (holding that no separate statutory action for personal injuries resulting in death can survive the decedent's demise).

The Florida Supreme Court has held that "Sections 768.16-768.27, Florida Statutes, are constitutional to the extent that they consolidate survival and wrongful death actions and substitute for a decedent's pain and suffering the survivors' pain and suffering as an element of damages." *Martin v. United Security Servs., Inc.,* 314 So.2d 765, 767 (Fla. 1975).  In support of this holding, the Florida Supreme Court noted that the Wrongful Death Act was designed to ensure that any recovery "be for the living and not for the dead."  *Id.* at 768; *Fla. Convalescent Centers v. Somberg*, 840 So.3d 998, 1003 (Fla. 2003).

Here, Plaintiff alleges numerous state law claims against the Medical Defendants.  *See* Counts VI, VII, VIII, XI (Doc. 65).  It is unclear if Plaintiff intended to assert these claims as survivor actions or wrongful death actions.  However, the Florida Wrongful Death statute merges survival actions for personal injuries and wrongful death actions into one.  *Martin*, 314 So.2d at 768. Since Plaintiff alleges that the Decedent's injuries resulted in death, these counts are properly

classified and will be treated as wrongful death actions premised on different theories of liability, *i.e.*, medical negligence, negligent hiring, etc.  As such, when amending the Complaint, Plaintiff shall comply with the provisions of the Wrongful Death Act, including § 768.21, which requires that all potential beneficiaries of a recovery for wrongful death be identified in the complaint.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.   The Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendants PHS, Canete, Sundo, Saunders, Winnie, Jones, Stepnoski, Overbee, Aten, Hamilton, and Hollier (Doc. 72) is **GRANTED in part and DENIED in part**.

2.   Plaintiff in her individual capacity is **DISMISSED** from this action.

3.   Defendants Canete, Sundo, Saunders, and Winnie are **DISMISSED** from Count I.

4.   Count VIII is **DISMISSED** as to Defendant PHS.

5.   Count VI is **DISMISSED,** without prejudice.

6.   In all other respects, the Motion to Dismiss Plaintiff's Third Amended Complaint is **DENIED.**

7.   In order to avoid confusion of the issues and confusion of the jury, Plaintiff is given leave to file a Fourth Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order.

8.   The Clerk is directed to enter judgment accordingly.

**DONE AND ORDERED** at Ft. Myers, Florida, on September 28, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

COPIES TO:

COUNSEL OF RECORD